IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BRENDA ROTUREAU, | ) | |
| | ) | No. 2:13-cv-00849-DCN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| ROBERT P. CHAPLIN, III, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff Brenda Rotureau's renewed motion for summary judgment. For the reasons set forth below, the court denies plaintiff's motion.

## I. BACKGROUND

Robert Chaplin, IV ("Preston"), the son of the defendant, acquired land from Mary Martin, a friend of his father's. Pl.'s First Mot. for Summ. J. 1-2. The property was deeded to Preston instead of defendant Robert Chaplin because Chaplin was subject to judgments and wanted to avoid a judgment lien attaching to the property. Chaplin Dep. 18:6-13. At closing, Preston gave Martin a note for $500,000 and a mortgage on the property. Def.'s Resp. to Pl.'s First Mot. for Summ. J. ("Def.'s First Resp.") 6. In her will, Martin forgave Preston's mortgage indebtedness and the debt was therefore extinguished. Def.'s First Resp. 6. On June 27, 2008, Chaplin executed a promissory note ("the note"[1]) in which he agreed to pay Rotureau $400,000, the amount remaining on Preston's debt when it was forgiven. Def.'s First Resp. 7-9.

The payment term of the note reads:

---

[1] The court refers to the alleged promissory note as "the note" for ease of reference and without attaching legal significance to the label.

1

> FOR VALUE RECEIVED, [Chaplin] will pay to the order of **Brenda Rotureau** . . . the principal sum of Four Hundred Thousand No / 100 ($400,000.00) Dollars without interest, payable as follows:
> <u>On or before December 27, 2010.  The undersigned will pay this amount when Two (2) of the remaining Three Lots located on Riggs Lane are sold if this occurs before December 27, 2010.</u>

Compl. Ex. A (emphasis in original).  It is undisputed that Chaplin has not paid any part of the $400,000.  Answer ¶ 10.  Additionally, Chaplin did not sell any of the lots on Riggs Lane prior to December 27, 2010.  Def.'s First Resp. 9.

On March 29, 2013, Rotureau filed a complaint in this court, alleging that Chaplin was liable to her on the note in the amount of $400,000, plus interest and cost of collection.  Previously, Chaplin moved to dismiss the claim and Rotureau moved for summary judgment.  The court denied both motions.

On October 23, 2013, Rotureau filed a renewed motion for summary judgment.  Chaplin responded on December 16, 2013, and Rotureau replied on December 30, 2013.  The matter is ripe for the court's review.

## II.  STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  <u>Id.</u> at 248.  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is,

if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### III.  DISCUSSION

Rotureau argues that she is entitled to summary judgment because the note is absolute on its face, became due on December 27, 2010, and has not been paid. Pl.'s First. Mot. 3. Chaplin advances two arguments for denying summary judgment: (1) there are genuine disputes of material fact, and (2) the note is not supported by consideration.[2]

#### 1.      Disputed Facts

Chaplin asserts that there are several factual disputes that should preclude summary judgment. These disputes essentially involve Chaplin's relationship with Martin, specifics concerning how the property was transferred to Preston, and the circumstances surrounding the creation of the note. Def.'s First Resp. 4-7. Chaplin also argues that there is a factual dispute as to which version of the note submitted to the court by Rotureau is the correct version of the note and whether the punctuation following the phrase "On or before December 27, 2010" is a comma or a period. Def.'s Resp. to Pl.'s Renewed Mot. for Summ. J. ("Def.'s Second Resp.") 2.

---

[2] Chaplin also argues that Rotureau's motion should be denied because the note is conditional and the condition for payment never occurred. Because the court denies summary judgment on other grounds, it is not necessary to determine on this motion whether the note is conditional or not.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. The factual details regarding Chaplin's relationship with Martin, including her age when he met her and when she died, are immaterial to the present case because they would not affect the outcome of the suit. Likewise, the disputed details concerning how Martin transferred the property to Preston are immaterial. The parties agree on the material facts of transfer: Preston received property from Martin and in exchange gave her a mortgage on part of the property, the balance of which was forgiven when Martin died. Additionally, the disputes that Chaplin cites regarding the creation of the note are not so much factual disputes as they are legal ones. For example, whether the note is conditional and whether it represents Preston's forgiven debt are disputed legal issues, and therefore do not preclude summary judgment. Finally, the issue of whether the punctuation mark at issue is a comma or a period is immaterial because, as explained below, its resolution does not impact the court's determination whether the note is enforceable.

The court will consider whether the note is an enforceable contract.

### 2.     Consideration

Chaplin argues that Rotureau's motion summary judgment should be denied because the note is not supported by consideration and, therefore, unenforceable. Def.'s First Resp. 10.

"Some good or valuable consideration is essential to support all contracts." Ferrell v. Scott, 29 S.C.L. (2 Speers) 344, 347 (S.C. Ct. App. 1844). An "age-old definition" of consideration is "a benefit to the party promising, or a loss or detriment to

the party to whom the promise is made." Shayne of Miami, Inc. v. Townes, 101 S.E.2d 486, 489 (S.C. 1957) (internal citations omitted); see also Prestwick Golf Club, Inc. v. Prestwick L.P., 503 S.E.2d 184, 186 (S.C. Ct. App. 1998) ("Valuable consideration to support a contract may consist of some right, interest, profit or benefit accruing to one party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.").

Rotureau claims that "consideration for this note was the amount due Ms. Rotureau for the remaining balance of the purchase price for [the land] which was sold to Preston by Mary Martin and Joseph Rotureau." Pl.'s Br. 3. Rotureau advances two theories on which the court should find consideration. First, she argues that since Chaplin used his son as a "strawman" to purchase the property, it is "clear that the legal obligation was owed by the Defendant and not by his son." Id. at 4. Even assuming that Chaplin owed an obligation to Rotureau, plaintiff cites no legal authority for the proposition that Chaplin's obligation to pay Rotureau survived after the original debt was extinguished in Martin's will. After it was extinguished, the debt owed Martin was at best past consideration, which is inadequate to make a promise enforceable as a contract. See Future Grp., II v. Nationsbank, 478 S.E.2d 45, 49 (S.C. 1996). Therefore, Rotureau's theory of consideration based on Chaplin owing her a legal obligation is unavailing.

Rotureau's argument that consideration exists because Chaplin was answering for the debt of another likewise misses the mark. "[A]n undertaking to pay the debt of another, on condition that that other shall be entirely discharged from liability, is founded on a sufficient consideration, upon the ground that the promisor, in such case, has become an original debtor, on the discharge of the former debt, which is supposed to

5

deprive the promisee of some previous advantage, or to subject him to some prejudice and delay in realizing it." Ferrell, 29 S.C.L. at 348; see Gen. Elec. Co. v. Gate, 254 S.E.2d 305, 307 (S.C. 1979) (holding that a promise to pay the debt of another "must be supported by an independent consideration in the form of an advantage to the promisor or a detriment to the promise"). In this case, by signing the note in question Chaplin did not undertake to pay the debt of another. Preston's debt had been forgiven in Martin's will. Therefore Chaplin's note did not "deprive" Rotureau "of some previous advantage" because she was owed nothing prior to Chaplin executing the note. Moreover, Preston's debt was not "discharged" because he owed nothing prior to execution of the note.

In sum, the note is not supported by consideration.[3] There is no benefit to Chaplin, the promisor, nor detriment to Rotureau, the promisee. Plaintiff's reliance on cases in which there was a benefit or a detriment is therefore unfounded. See Jackson v. Carter, 121 S.E. 559 (S.C. 1924) (holding that, even though consideration given for a note had no monetary value in hindsight, because it had the potential to be valuable, "the maker . . . will not be relieved of liability); Shayne of Miami, 232 S.C. 161 (holding that there was consideration because a transfer of stock was a detriment to promisee, even if that stock later became worthless).

---

[3] Because the note is not supported by consideration, the note may be seen as an incomplete gift. See McLeod v. Sandy Island Corp., 216 S.E.2d 746, 749 (S.C. 1975) ("A gift has been judicially defined as a voluntary transfer of property by one to another without any consideration or compensation therefor." (citations omitted)). "The mere intention to give [a gift] without delivery is unavailing, the intention must be executed by a complete and unconditional delivery." Baptist Found. for Christian Educ. v. Baptist Coll. at Charleston, 317 S.E.2d 453, 457 (S.C. Ct. App. 1984). "To constitute a valid gift, the done must have an immediate right to the property; in other words, the donee must be vested with immediate dominion and control." Id. (citations omitted). It is undisputed that Chaplin never delivered the $400,000 to Rotureau. Because there was no delivery, the note is at most an incomplete gift.

Because the note is unenforceable, Rotureau is not entitled to judgment as a matter of law. Therefore, the court denies her motion for summary judgment.

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** plaintiff's motion for summary judgment.

**AND IT IS SO ORDERED**.

                                  **DAVID C. NORTON**
                                  **UNITED STATES DISTRICT JUDGE**

**January 23, 2014**
**Charleston, South Carolina**